# Kervin, Appellant, v Gale.

*Judgments — Opening judgments—Contracts—Set-off—Insufficient proof.*

On the trial of a feigned issue on petition to open judgment a verdict for the defendant will be reversed, where the defense in the nature of set-off was that the defendant was indebted to the plaintiff by reason of a certain contract made with her husband, and the evidence completely failed to prove any contractual relations between the plaintiff and defendant, or to establish any agency on the part of the husband, as the representative of his wife.

*Practice, Superior Court—Assignments of error—Failure to take exceptions.*

An assignment of error to the admission in evidence of depositions cannot be considered on appeal, where no exception was taken in the court below.

Argued October 29, 1919. Appeal, No. 164, October Term, 1919, by plaintiff, from judgment of C. P. McKean County, June Term, 1916, No. 144, on verdict for defendant on feigned issue on petition to open judgment in the case of C. B. Kervin v. Thomas Gale, now by substitution Evalena Gale, Administratrix of Thomas Gale, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Reversed.

Feigned issue on petition to open judgment. Before HECK, J., of the Fifty-fifth Judicial District, specially presiding.

558        KERVIN, Appellant, *v.* GALE.

Statement of Facts—Opinion of the Court. [73 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict for the defendant and judgment was entered thereon. Plaintiff appealed.

*Errors assigned,* among others, were (1) the admission of certain depositions; (2) submission to the jury as to whether or not Thomas Kervin was acting as agent for the plaintiff; (4) refusal to grant a new trial.

*Rufus B. Stone,* for appellant.

No appearance and no paper-book for appellee.

Opinion by Porter, J., February 28, 1920:

Judgment was entered by confession in favor of the plaintiff and against the defendant, under a warrant of attorney contained in a note. The defendant subsequently presented his petition praying the court to open the judgment and permit him to defend. The petition to open the judgment admitted the validity of the note upon which the judgment was entered as a binding obligation, the same having been given as the consideration for the purchase of an automobile from the plaintiff, but averred that the defendant had entered into a contract with the plaintiff under the terms of which he was to drill ten oil wells, for the drilling of each of which the plaintiff was to pay him $570; and that the note in question was to be paid out of moneys coming from the plaintiff to the defendant under the terms of said contract; that the defendant in pursuance of said contract drilled four of said wells and was engaged in drilling the fifth when the plaintiff refused to permit the defendant to continue further drilling of said wells and commanded him to remove his property from the premises; that the plaintiff had only paid for drilling the four wells which had been completed; that the defendant suffered actual loss and damage in connection with the

partly completed well No. 5 in the sum of $310 and had by reason of the failure of the plaintiff to permit him to complete his contract lost the sum of $100 for each of the five wells, upon which operations had not yet commenced, and that by reason of other transactions the plaintiff was now indebted to the defendant in the sum of $1,883.30. The court granted a rule to show cause why the judgment should not be opened, which rule it subsequently made absolute. The defendant subsequently died and his administratrix was substituted as defendant. The trial resulted in a verdict and judgment in favor of the defendant, and the plaintiff appeals.

The testimony at the trial developed the fact that C. B. Kervin is a married woman, the wife of Thomas Kervin, and it was admitted that, at the time the note was given, Thomas Gale was indebted to her in the amount thereof. The contention of the defendant was that the plaintiff had entered into a contract under which Gale was to drill ten wells at a price agreed upon and he was to pay off this note out of the consideration which he was to receive for drilling the wells. Gale had drilled four wells, but there was nothing in the evidence to indicate that he had not been paid for those wells, nor was there anything from which a jury could have been permitted to infer that he had paid to this plaintiff any money on account of this note. It was shown that Thomas Kervin, the husband of the plaintiff, had ordered Gale to stop work while drilling the fifth well, and the claim on behalf of the defendant was that the actual loss which Gale sustained upon the fifth well and the amount of the profit which he would have made if he had been permitted to drill the other five wells, according to the contract, amounted to over $1,000. The difficulty with the defendant's case was that there was no evidence whatever that Mrs. Kervin, the plaintiff, had entered into any contract with him for drilling any of these wells. She had previously had a contract

with him for drilling wells upon her own land, but there was nothing in the evidence to indicate that she was indebted to him upon account of those wells in any amount whatever, and that work had long been completed. The testimony produced by the defendant, including the deposition of Thomas Gale, which had been taken under the rule to open the judgment, failed to disclose that Mrs. Kervin had had anything to do with the making of the contract to drill these ten wells. The deposition of Mr. Gale clearly established that he had had no negotiations with her whatever with regard to this contract, he seems to have assumed that Thomas Kervin was acting as the agent for his wife, but he states no fact which warranted that assumption. There is nothing in the testimony indicating that Thomas Kervin represented himself as acting as the agent of his wife, nor is there anything tending to show that his wife held him out as acting for her in the transaction. The five wells upon which Gale did work were admittedly not on the lands of Mrs. Kervin, and Gale was paid for the work on the first four wells by Thomas Kervin, Jr., and Joseph Kervin. The fact that Gale had in his books kept the account of the business with regard to these wells in the name of Thomas Kervin & Co. was undisputed. Thomas Gale, in his deposition explained this by saying that, in the negotiations with regard to drilling these ten wells, that Thomas Kervin, the husband of plaintiff, had said "we want so many wells drilled." Mr. Gale may have assumed that the plaintiff had some kind of an interest in the undertaking, but he stated nothing which would have warranted a finding that she was a party to the transaction.

The first specification of error complains of the admission in evidence of the deposition of Thomas Gale. There was no exception to the admission of this deposition taken in the court below and we cannot consider it. The second specification goes to the action of the court in submitting to the jury the question whether

557, (1920).]          Opinion of the Court.

Thomas Kervin was, in this transaction, acting as the agent of Mrs. Kervin, the plaintiff. There was no testimony which would have warranted a finding that Thomas Kervin was, in this transaction, acting as the agent of his wife and this specification of error must be sustained. There was no evidence which would have warranted a finding that the plaintiff was a party to or interested in the contract, if there was a contract, for the drilling of the ten wells in question, nor was anything developed which would tend to impose upon her any liability for a breach of that contract. The defendant entirely failed to establish that the plaintiff was indebted to the defendant in any sum, which would sustain a claim of set-off against the note upon which this judgment was entered.

The judgment is reversed and a venire facias de novo awarded.